IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CURTIS KLUG, LAWRENCE NOVER, and NELS ROE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WATTS REGULATOR COMPANY,<br><br>Defendant. | 8:15CV61<br><br>ORDER |

This matter is before the court on the plaintiff's, Curtis Klug (Klug), Motion to Appoint Interim Class Counsel (Filing No. 37). Klug filed a brief (Filing No. 38) and exhibits (Filing Nos. 38-1 and 38-2) in support of the motion. The defendant, Watts Regulator Company (Watts), filed a brief (Filing No. 39) in opposition. Klug did not file a brief in reply.

BACKGROUND

The plaintiffs seek to bring a class action on behalf of similarly situated individuals and entities who own or have owned flexible braided stainless steel FloodSafe® Auto-Shutoff Connectors (FloodSafe Connector)[1] manufactured or sold by Watts, or have owned homes or other structures physically located in the United States, in which FloodSafe Connectors are or were installed. *See* Filing No. 41 - First Amended Complaint. As relevant to Klug, approximately one year after he installed a FloodSafe Connector, Klug discovered the FloodSafe Connector fractured and caused flooding in his bathroom, kitchen, two bedrooms, and several rooms on the floor below the source of the flood. *Id.* The plaintiffs assert claims for declaratory relief, strict liability, negligence, negligent failure to warn, breach of express and implied warranty, unjust enrichment, and violation of various states' consumer protection acts. *Id.* Five

---

[1] According to Klug, FloodSafe Connectors are used to supply water to common household fixtures and appliances including faucets, toilets, washing machines, dishwashers, and icemakers. *See* Filing No. 41 - First Amended Complaint.

law firms are listed as representing Klug, Lawrence Nover, Nels Roe and prospective class members.  *Id.*

Klug, pursuant to Fed. R. Civ. P. 23(g)(3), seeks to appoint Cafferty Clobes Meriwether & Sprengel LLP and Berger & Montague, P.C. (interim class counsel) as interim class counsel for Klug and the proposed class.  **See** Filing No. 37 - Motion.  Klug argues interim class counsel have done extensive work identifying and investigating potential claims in this action and are experienced and well-versed in complex class action lawsuits.  **See** Filing No. 38 - Brief.  Watts contends there is no reason for the court to intervene and appoint interim class counsel.  **See** Filing No. 39 - Response.

## ANALYSIS

Federal Rule of Civil Procedure 23 provides "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g)(3).  "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class."  Fed. R. Civ. P. 23(g)(2).  Rule 23(g)(3) provides no criteria for selecting interim counsel.  However, Rule 23(g)(1)(A), which addresses the appointment of class counsel, provides:

> In appointing class counsel, the court must consider:
> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A); **see also** *Brown v. Access Midstream Partners, L.P.*, No. CIV.A. 3:14-0591, 2015 WL 1471598, at *3 (M.D. Pa. Mar. 31, 2015) ("The same factors governing the appointment of class counsel apply when appointing interim class counsel."); *In re Navistar Maxxforce Engines Mktg., Sales Practices & Products Liab. Litig.*, No. 14-CV-10318, 2015 WL 1216318, at *1 (N.D. Ill. Mar. 5, 2015) (same); *Crocker v. KV Pharm. Co.*, No. 4:09-CV-198 (CEJ), 2009 WL 1297684, at *1 (E.D. Mo. May 7, 2009) (same).

While Klug asserts counsel have done significant work in this case and are experienced class action litigators, Klug has not identified any overlapping, duplicative, or competing suits pending in other courts or other lawyers competing for lead counsel to necessitate naming interim class counsel.  Unlike in ***Crocker***, one of the cases Klug cited, there is no competing firm vying for class counsel.  Although a court may appoint interim class counsel in the absence of such competition,[2] counsel appear to be cooperating in the management of this case and Klug has not set forth a sufficient reason for the court to intervene.  Accordingly,

**IT IS ORDERED**:

The plaintiff's Motion to Appoint Interim Class Counsel (Filing No. 37) is denied.

Dated this 31st day of July, 2015.

                BY THE COURT:

                s/ Thomas D. Thalken
                United States Magistrate Judge

---

[2] **See *Se. Mo. Hosp. v. C.R. Brand, Inc.***, No. 1:07CV0031TCM, 2007 WL 4191978, at *2 (E.D. Mo. Nov. 21, 2007) (noting more than one firm is named in the pleadings as representing the putative class).