IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CURTIS KLUG, individually and on behalf
of all others similarly situated; LAWRENCE
NOVER, and NELS ROE,

                    plaintiffs,

          v.

WATTS REGULATOR COMPANY,

                    Defendant.

8:15CV61

FINAL ORDER AND JUDGMENT

This matter is before the court on the plaintiffs' unopposed motion for Final Approval of Class Action Settlement, Filing No. 152, after a Final Fairness Hearing on held on April 12, 2017.

The plaintiffs and defendant entered into a class action settlement. Filing No. 71-3.[1] On December 7, 2016, the court entered its Order Granting Preliminary Approval of Class Action Settlement; Certification of Settlement Class; and Approval of Form and Content of Proposed Notice ("Preliminary Approval Order"), Filing No. 138.

Federal Rule of Civil Procedure 23(e) requires judicial approval of class action settlements. In approving a class settlement, the district court must consider whether it is fair, reasonable, and adequate. DeBoer v. Mellon Mortgage Co., 64 F.3d 1171, 1178 (8th Cir. 1995). Courts in this Circuit analyze the following factors to determine whether a settlement is fair, reasonable, and adequate: "the merits of the plaintiff's case,

---

[1] For the purposes of this Final Order and Judgment, the court adopts all defined terms as set forth in the Settlement Agreement.

weighed against the terms of the settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement." *Huyer v. Njema*, 847 F.3d 934, 939 (8th Cir. 2017); *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988). "The most important consideration in the analysis requires balancing the strength of the [representative] plaintiffs' case against the value of the settlement terms to the class." *Marshall v. Nat'l Football League*, 787 F.3d 502, 514 (8th Cir. 2015). A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 934 (8th Cir. 2005). The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's-length negotiations, and whether a skilled mediator was involved. *See Deboer*, 64 F.3d at 1178. A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits, and whether class members were provided with adequate notice and an opportunity to argue their objections to district court. *Id.* at 1176.

    II.    DISCUSSION

This court preliminarily approved the proposed Settlement Agreements as fair, reasonable, and adequate, subject to a hearing on final approval pursuant to Fed. R. Civ. P. 23(c), and (e), and approved the parties' notice of the settlement and fairness hearing thereon. Filing No. 138, Order of Preliminary Approval. The court also provisionally certified the action as a class action, finding the proposed class action

2

settlement was within the range of reasonableness and ordering the dissemination of notice to the class.

The plaintiffs have shown that Notice of the Proposed Settlement Class Action & Fairness Hearing was provided to members of the class. Filing No. 153-1, Declaration of Cameron R. Azari on Settlement Notices and Implementation of Notice. The court finds that the notice to the Settlement Class of the pendency of the Class Action and of this settlement, as provided by the Settlement Agreement and by the Preliminary Approval Order dated December 7, 2017, constituted the best notice practicable under the circumstances to all persons and entities within the definition of the Settlement Class, and fully complied with the requirements of Federal Rules of Civil Procedure Rule 23 and due process. Due and sufficient proof of the execution of the Notice Plan as outlined in the Preliminary Approval Order has been filed. The parties have also shown that eleven potential class members have requested exclusion from the class. *See* Filing No. 154, Declaration of Steven M. Gassert Regarding Requests For Exclusion From The Settlement Class ("Gassert Decl."); Filing No. 156, Supplemental Declaration of Steven M. Gassert; Filing No. 157, Ex. A, Timely and Complaint Requests for Exclusion. Further, the class administrator had received no objections. Filing No. 154, Gassert Decl. at 12. No one appeared at the Final Fairness Hearing to object to the settlement.

For the purposes of settlement approval only, the court finds that the requirements of Fed. R. Civ. P. 23 are satisfied with respect to the Settlement Class as

defined above.  In particular:  (a) the Settlement Class is so numerous that joinder is impracticable; (b) there exists at least one question of fact or law common to the Settlement Class, in that they allege that the FloodSafe Connectors are defective in design; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class; (e) resolution of this action in the manner proposed in the Settlement Agreement is superior to other available methods for a fair and efficient adjudication of the action, and common issues predominate over individual issues.

Having reviewed the settlement and giving consideration to each of the factors to consider in granting final approval, the court finds the settlement to be fair, adequate, and reasonable, and finally approves it pursuant to Federal Rule of Civil Procedure 23(e).  The court finds the Settlement Agreement resulted from extensive, good-faith, arm's-length negotiations between experienced counsel.  The Honorable Diane M. Welsh, a retired federal magistrate judge, presided during two in-person mediation sessions and follow-up negotiations between the parties over several months, which ultimately resulted in the settlement before the court.

The settlement allows the Settlement Class Members to avoid significant expenses associated with litigation of this Class Action, or litigation of individual cases throughout the country.  The timing of the Settlement Agreement weighs strongly in favor of approval.  The parties have been sufficiently informed to assess the strengths

4

and weaknesses of their positions, and to make a reasoned evaluation of whether and on what terms to settle.

The risk and uncertainty to Settlement Class Members with respect to the prospect of continued litigation also weigh significantly in favor of approval. In evaluating the settlement, the court compares the benefits of settling against the risks and burdens of potentially protracted litigation. Here, the obstacles to the Settlement Class' potential recovery are numerous and significant. The litigation has been hotly contested. The defendants deny any fault, wrongdoing, or liability whatsoever on their part, and have asserted numerous affirmative defenses to the facts and causes of action. In particular, the defendants deny that their products were defectively designed or manufactured. There is evidence to support the defendants' position that the FloodSafe Connectors were appropriately designed and manufactured. There is a real risk that, if this case were to be tried, the Settlement Class Members would obtain no monetary recovery at all.

The Agreement provides the Settlement Class Members with immediate and certain resolution, and alleviates their burden to prove that the FloodSafe Connectors are defective and that the Watts Defendants are liable. The Common Fund is established, and Settlement Class Members and other Claimants can make claims immediately and continue to make claims on the Common Fund over a four-year Damage Claims Period. The Agreement provides for a fair and equitable distribution of compensation from the Common Fund among all Settlement Class Members and

5

Claimants throughout the Damage Claims Period, by actively adjusting payment amounts and providing for allocations of unapplied funds at the end of the Damage Claims Period until the maximum recovery specified in the Settlement Agreement has been achieved.

The Common Fund is substantial and reasonable, taking into account the significant uncertainty and risk and the potential factual and legal obstacles to recovery on claims against the Watts Defendants. The parties negotiated a settlement amount of $4 million. The projected amount of the Common Fund falls within a reasonable range of recovery, given the likelihood of Plaintiffs' success on the merits. The Common Fund represents a reasonable portion of the Settlement Class Members' alleged damages, taking into account the legal and factual disputes between the parties, the uncertainty of a jury trial and the possibility of a defense verdict, the risk and delay associated with continued litigation, the likelihood of an appeal following judgment, and other facts and circumstances particular to this case. The evidence reflects that the amount of money available in the Common Fund during the Damages Claims Period has been well-tailored to approximate the total value of anticipated claims.

Also, experienced, competent and well-informed Class Counsel negotiated the proposed Settlement. The parties estimate that there are numerous potential Settlement Class Members. No Settlement Class Member objected to the settlement, and relatively few opted out of the Settlement Class. The court finds that the proposed Settlement Agreements should be approved.

In separate orders, the court has approved an award of attorney fees to the plaintiffs.  The court has also awarded a reasonable service award to each named plaintiff.  Accordingly,

IT IS ORDERED:

1.     The court has jurisdiction over the subject matter of the Class Action, the Class Representatives, the Settlement Class Members, and Defendants.

2.     The plaintiffs' unopposed motion for final approval of class action settlement (Filing No. 152) is granted.

3.     Pursuant to Rule 23(c), the Settlement Class as finally certified shall be defined as follows:

ALL INDIVIDUALS AND ENTITIES, THAT OWN OR OWNED, OR LEASE OR LEASED, A RESIDENCE OR OTHER STRUCTURE LOCATED IN THE UNITED STATES CONTAINING A FLOODSAFE CONNECTOR AFTER NOVEMBER 4, 2008.

4.     As provided in the Settlement Agreement, the following persons are excluded from the Settlement Class:  (i) those Settlement Class Members who properly exclude themselves from the settlement; (ii) those Settlement Class Members who have previously resolved their claims through settlement or final judgment; (iii) the Watts Defendants and their affiliates; (iv) except to the extent that they actually have or had an installed FloodSafe Connector, all businesses and entities that sold or distributed a FloodSafe Connector, including customers, retailers,

7

resellers, wholesalers and distributors who purchased or acquired FloodSafe Connectors from any Watts Defendant; and (v) the presiding judge and his immediate family.

5.      The claims identified in Exhibit A to this Final Order and Judgment are excluded from the Settlement. No other claims are excluded from the Settlement.

6.      The Settlement Agreement (Filing No. 71-3) is approved pursuant to Fed. R. Civ. P. 23(e) and the Class Action Fairness Act as fair, reasonable and adequate and is incorporated herein as if fully set forth.

7.      Consummation of the settlement shall proceed as described in the Settlement Agreement. If a Special Master becomes necessary to adjudicate any appeals regarding the Settlement Administrator's payment of claims, the Parties will submit a proposed order to the court to appoint one.

8.      The court reserves exclusive jurisdiction over: (i) the Agreement, including its administration, consummation, claim procedures, enforcement, and any other issues or questions that may arise; (ii) the Settling Parties and disputes for purposes of the Agreement; and (iii) all proceedings related to this Agreement, including after Final Approval is entered and no longer subject to appeal, and over enforcement of this Final Order and Judgment.

9.    The Settlement Agreement releases and discharges the Released Parties
for Released Claims, and the court adopts and approves the release
language set forth in paragraphs 86-93 of the Settlement Agreement.

10.   The Class Representatives, all Settlement Class Members and Releasing
Parties shall, as of the Effective Date, conclusively be deemed to have
acknowledged the Released Claims may include claims, rights, demands,
causes of action, liabilities, or suits that are not known or suspected to
exist as of the Effective Date.  The Class Representatives, all Settlement
Class Members and Releasing Parties nonetheless release all such
Released Claims against the Released Parties.  Further, as of the
Effective Date, the Class Representatives and all Settlement Class
Members shall be deemed to have waived any and all protections, rights
and benefits of California Civil Code Section 1542 and any comparable
statutory or common law provision of any other jurisdiction.

11.   The benefits and payments described in the Settlement Agreement are
the only consideration, fees, and expenses the Watts Defendants and
Released Parties shall be obligated to give to the Class Representatives,
Settlement Class Members, Claimants and Class Counsel in connection
with the Agreement and the payment of attorneys' fees and expenses.

12.   The Class Action and all claims asserted in the Class Action are settled
and dismissed on the merits, and with prejudice as to the Class

9

Representatives, all Settlement Class Members, Claimants and all Persons that have or are entitled to make or pursue a claim or action through or in the name or right of a Settlement Class Member. Notwithstanding the foregoing, this Final Order and Judgment does not dismiss any claims by any persons or entities who have requested exclusion from the Settlement Class or who have excluded particular claims from the Settlement, as provided for in the Agreement.  A list of exclusions from the Settlement Class and claims excluded from the Settlement is attached hereto as Exhibit A and is incorporated herein. Notwithstanding the dismissal of the Class Action, the Watts Defendants shall not claim and shall not be awarded any costs, attorneys' fees, or expenses.

13.   All Settlement Class Members, Claimants and all Persons that have, can or are entitled to make or pursue a claim or action through or in the name or right of a Settlement Class Member, are hereby permanently enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise) or receiving benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding in any jurisdiction based on or relating to the claims released in the Settlement Agreement, or the facts and circumstances related thereto.  In addition, all Settlement Class Members, Claimants and all

10

Persons that have, can or are entitled to make or pursue a claim or action through or in the name or right of a Settlement Class Member are hereby permanently enjoined from filing, commencing, prosecuting, or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction), on behalf of members of the Settlement Class Claimants or any Person that have, can or is entitled to make or pursue a claim or action through or in the name or right of a Settlement Class Member, if such other class action is based on or relating to the Released Claims, or the facts and circumstances relating thereto.   Issuance of this permanent injunction is necessary and appropriate in aid of the court's jurisdiction over this action and to enforce this court's Final Order and Judgment.   The court finds no bond is necessary for the issuance of this injunction.

14. Without affecting the finality of this Final Order and Judgment in any way, the court reserves exclusive and continuing jurisdiction over the Class Action, the Class Representatives, the Settlement Class Members, Claimants, Persons who are entitled to claim through or in the name or right of Settlement Class Members, and the Watts Defendants for the purposes of supervising the implementation, enforcement, construction,

and interpretation of the Agreement, the court's Preliminary Approval Order, and this Judgment.

15.     The Agreement and this Final Order and Judgment are not admissions of liability or fault by the Watts Defendants or the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by the Watts Defendants or the Released Parties.  The Agreement and settlement are not a concession by the Parties.  To the extent permitted by law, neither this Final Order and Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by the Watts Defendants, the Released Parties, or any of them.  Notwithstanding the foregoing, nothing in this Final Order and Judgment shall be interpreted to prohibit its use in a proceeding to consummate or enforce the Settlement Agreement or this Final Order and Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

16.    All other relief not expressly granted to the Settlement Class Members is

denied.

17.    This action is dismissed.

DATED this 13th day of April, 2017.


BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

13